[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court at time of oral argument denied the Motion to strike the second count of the complaint from the bench. The Memorandum addresses the motion to strike Count Five of the complaint.
The Fifth Count of the Complaint sets out a course of action for intentional infliction of emotional distress arising out of the termination of employment of one physician by another and the means used to accomplish the same. Included are the following claims:
 13. The Defendants, in or about July, 1989, caused the Plaintiff to be reported to the "Impaired Physician Committee" of the Hartford County Medical Association allegedly for mental and emotional disorders or deficiencies which, it was claimed, interfered with the Plaintiffs abilities to perform his duties as a physician.
 14. The Plaintiff was forced to undergo a series of psychiatric interviews and reviews by said Committee and was subsequently found to be mentally competent and not suffering from any emotional disorder. CT Page 1389
 15. The actions of the Defendants in reporting the Plaintiff to said Committee caused the Plaintiff severe and emotional physical distress in that all charges of mental incompetence were groundless and an attempt to force the Plaintiff from the Defendant's employment.
Defendant argues that defendant's alleged communications to the Impaired Physicians Committee cannot be the basis of an intentional infliction of emotional distress cause of action. General Statutes 19a-17b(b) provides:
 There shall be no monetary liability on the part of, and no cause of action for damages shall arise against, any person who provides testimony, information, records, documents, reports, proceedings, minutes or conclusions to any hospital, hospital medical staff, professional society, medical or dental school, professional licensing board or medical review committee when such communication is inended [sic] to aid in the evaluation of the qualifications, fitness, or character of a health care provider and does not represent as true any matter not reasonable believed to be true.
Sec. 19a-17b(b) of Conn. Gen. Stat. is ambiguous. Before one can conclude that it applies, a determination of the nature of the Committee to which the alleged communication was directed must be made. Certainly a Committee that sits to determine whether a physician is impaired mentally or physically would qualify as a Medical Review Committee. The "glitch" in the statute is the last sentence. A paraphrase on the law is as follows:
 There shall be no monetary liability . . . and no cause of action shall arise against any person as long as that person does not represent as true any matter not reasonably believed to be true.
This law makes no sense unless the Board or Committee itself makes the determination as to whether or not the representations are "reasonable believed to be true" by the person making them.
To rule otherwise is to defeat the purpose of the statute. If such a finding were not a condition precedent to bringing the suit but a condition to prove at time of trial a cause of action would have to be instituted. CT Page 1390
A necessary allegation, in any complaint, would have to be that the Committee made a finding that the informant reasonably believe what he or she were representing or testifying to, to be true. No such representation has been made in Count 5. (See Complaint).
Failure to do the same subjects the claim to a motion to strike. (Conn. Prac. Bk. Sec. 152).
The Motion to Strike is granted as to Count 5.
Walsh, J.